## IN THE COURT OF APPEALS OF IOWA

No. 19-1177
Filed June 3, 2020

**IN THE INTEREST OF O.R.,**
**Minor Child,**

**K.R., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.


    A mother appeals the termination of her parental rights to one of her

children. **AFFIRMED.**



    Katharine Massier of Branstad & Olson Law Office, Des Moines, for

appellant mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

    Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and

guardian ad litem for minor child.



    Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to one of her children, born in 2008. She contends (1) the record lacks clear and convincing evidence to support termination under Iowa Code section 232.116(1)(d) (2019); (2) the department of human services failed to make reasonable efforts to reunify her with her child; and (3) "the juvenile court erred in denying [her] motion to bifurcate the roles of [the child's] attorney and [guardian ad litem]."

## I.  *Grounds for Termination*

The court of appeals recently addressed the termination of the mother's parental rights to another child. *See In re M.S.*, No. 19-1550, 2020 WL 377889 (Iowa Ct. App. Jan. 23, 2020). We found the department intervened after learning "that the man with whom the mother was having a relationship asked the nine-year-old [half-sibling of the] child to engage in sex acts." *M.S.*, 2020 WL 377889, at *1. This appeal involves the nine-year-old half-sibling.

The district court terminated the mother's parental rights to the child under several statutory grounds. The mother only challenges the evidence supporting one of the provisions. Accordingly, she has waived error with respect to the remaining grounds. *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. The mother's failure to raise the remaining statutory grounds for termination waives any claim of error related to those grounds."). That said, our de novo review of the record convinces us that termination was warranted

under Iowa Code section 232.116(1)(f), which requires proof of several elements, including proof the child cannot be returned to the mother's custody.

## II.    *Reasonable Efforts*

The mother argues the department failed to make reasonable efforts to reunify her with the child.  *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (noting that specified termination grounds "contain a common element which implicates the reasonable effort requirement").  She asserts (a) the department "cancelled a significant number of . . . visits"; (b) she was not afforded a "professional opinion from a psychiatrist or psychologist regarding her parenting ability" and was not assigned a court appointed special advocate; and (c) she was denied her rights to equal protection and due process as guaranteed by the United States and Iowa Constitutions.

We addressed certain cancelled visits in our prior opinion.  *M.S.*, 2020 WL 377889, at *2.  We agreed with the mother that the department did not hold several visits but noted that the missed time was made up.  *Id.*  We concluded "the department satisfied its reasonable-efforts mandate."  *Id.*

In this proceeding, the mother filed a "renewed motion for reasonable efforts" listing a series of canceled visits with the nine-year-old child.  She asserted the child "received only 13.5 hours of visits with her mother as of March 12, 2019," which was "still 8.5 hours short."  At the termination hearing, the mother testified to having "minimal" visits with the child in 2019, but she did not document the number of missed visits or mention the shorted hours.  Although her attorney attempted to raise the issue during closing argument, the guardian ad litem objected as beyond the scope of the record.  The mother's attorney conceded she

did not elicit testimony on missed visits "in this action." Without a record, we cannot address the issue. *See State v. Christianson*, 337 N.W.2d 502, 504 (Iowa 1983) (stating it is generally an appellant's "obligation to provide this court with a record affirmatively disclosing the error relied upon" and an appellant "may waive error by failing to provide us with a record that affirmatively shows the basis of the alleged error." (citations omitted)).

We turn to the mother's request for a psychiatric or psychological opinion about her parenting ability. The mother concedes the district court did not address the issue. Accordingly, we question whether error was preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Bypassing that concern, the record contains the following opinion of the mother's therapist on impediments to appropriate parenting:

> [The mother] has been able to voice understanding of safety concerns with her children. As a result of this, [she] has reported a termination in her relationship with her boyfriend and a change in address to reflect this termination. [The mother] is engaged in session and is open and receptive to feedback at this time. Therapist will continue to work with client on increasing affect tolerance, emotional integration and how her past experiences are impacting her current parenting practices.

Several days after the therapist submitted the letter, the department reported that the mother "was not honest with her therapist or the children's therapist about the nature of her relationship with the" man and, specifically, her ongoing sexual relationship with him. Just before the termination hearing, the mother's therapist updated her opinion. She noted that the mother later corrected the misinformation

and told her of her continued "sexual relationship with the man." The therapist opined that the mother needed to "gain more insight on how her co-parenting relationship with" the man "could impact this child" and needed to set "healthy, realistic expectations for this relationship." In short, the record contains a mental-health professional's opinion about the mother's parenting ability, obviating the need for the department to schedule another evaluation, as the mother requested.

The mother also argues a court appointed special advocate (CASA) should have been provided. The district court addressed the issue as follows:

> I know there was no evidence presented to this Court . . . today regarding lack of a CASA being provided. I will be clear on the record. The Court can order them, but if there's not CASA's available, this Court cannot compel a voluntary agency to engage in a service that they provide to the Court when they have availability. There was no evidence before the Court today regarding a CASA.

In light of the absence of evidence on the issue, we again question whether error was preserved. We bypass that concern and proceed to the merits.

A "court appointed special advocate" is defined as:

> a person duly certified by the child advocacy board created in section 237.16 for participation in the court appointed special advocate program and appointed by the court to represent the interests of a child in any judicial proceeding to which the child is a party or is called as a witness or relating to any dispositional order involving the child resulting from such proceeding.

Iowa Code § 232.2(9). The definition does not charge a CASA with making reasonable reunification efforts; that obligation rests with the department. *See id.* § 232.102(4)(b) ("If the court transfers custody of the child, unless the court waives the requirement for making reasonable efforts or otherwise makes a determination that reasonable efforts are not required, reasonable efforts shall be made to make it possible for the child to safely return to the family's home."), (10)(a) (defining

"reasonable efforts" as "the efforts made to preserve and unify a family prior to the out-of-home placement of a child in foster care or to eliminate the need for removal of the child or make it possible for the child to safely return to the family's home"); *C.B.*, 611 N.W.2d at 493–94 (describing the scope of the efforts by the department). Accordingly, we conclude the absence of a CASA did not implicate the department's reasonable efforts mandate.

Finally, the mother's constitutional challenges to the claimed denial of services were neither raised nor decided. Error was not preserved. *See In re Voeltz*, 271 N.W.2d 719, 722 (Iowa 1978).

## III.    *Conflict*

The district court appointed counsel to serve as the child's attorney and as her guardian ad litem. The mother contends the court should have bifurcated the roles because, in her view, the guardian ad litem "held a strong position that [the child] should not return to her," which was "clearly a conflict between [the child]'s stated wishes."

Iowa Code section 232.89(4) addresses the roles of guardian ad litem and counsel for a child:

> [T]he court may appoint a separate guardian ad litem, if the same person cannot properly represent the legal interests of the child as legal counsel and also represent the best interest of the child as guardian ad litem, or a separate guardian ad litem is required to fulfill the requirements of subsection 2.

Iowa Code section 232.89(2)(a), in turn, states:

> If the child is represented by counsel and the court determines there is a conflict of interest between the child and the child's parent, guardian or custodian and that the retained counsel could not properly represent the child as a result of the conflict, the court shall

appear other counsel to represent the child, who shall be compensated pursuant to the provisions of subsection 3.

This court addressed a conflict-of-interest situation in *In re A.T.*, 744 N.W.2d 657, 660 (Iowa Ct. App. 2007). The court stated, "[T]he older, more intelligent, and mature the child is, the more impact the child's wishes should have, and a child of sufficient maturity should be entitled to have the attorney advocate for the result the child desires." *A.T.*, 744 N.W.2d at 663.

Here, the department obtained a social worker's opinion stating the child was "immature for her age" and "[h]er thinking [was] impulsive at times." At the termination hearing, the district court noted that it previously "addressed this issue" and "made specific findings based on the therapist input that she does not believe that this child is of an emotional age, even if she is 11 at this time, to have an opinion regarding that matter." We discern no abuse of discretion in the court's ruling. *See id.* at 665 (setting forth standard of review).

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**